THE NAVAJO NATION

Plaintiff-Appellant

vs.

ERVIN MIKE KEESWOOD, ALLEN JIM,
JESSE KEE BAHE aka BOBBIE YAZZIE,
BILL WILSON aka JOE WILSON
and TAFT SCOTT

Defendants-Appellees

Decided On October 19, 1979

William E. Perry, III, Special Prosecutor, Window Rock, Arizona, for Plaintiff-Appellant

George A. Harrison, Farmington, New Mexico, for Defendants-Appellants

Before WALTERS, Acting Chief Justice, BECENTI and NESWOOD, Associate Justices

WALTERS, Acting Chief Justice

I.

Defendants were involved in a takeover of the Tribal Administration Building on November 13, 1978. They were arrested by the Navajo Police Department, but were charged with Federal charges. The Federal charges were subsequently dismissed by the United States Attorney on November 19, 1978, but apparently the Navajo Tribal Prosecutor's Office was not notified of this fact until early December. The defendants were charged with six counts each of violation of the Navajo Tribal Code by criminal complaints dated April 20, 1979.

Defendants filed a Motion to Dismiss on the grounds that the defendants' right to speedy arraignment and trial had been denied

-115-

because the Navajo Tribe had waited so long to bring charges after the arrest and after the dismissal of Federal charges. After a hearing, held June 5, 1979, the District Court for Window Rock granted the motion and dismissed the complaint with prejudice. Appellant filed a Motion for Reconsideration June 28, 1979, and it was denied by Order dated July 2, 1979.

Appellant filed Notice of Appeal on July 17, 1979. Appellees did not file an answering brief, but filed a Motion to Dismiss on August 8, 1979. The grounds for the motion were that appellees had not been properly served because Notice of Appeal recited on its face that copies had been mailed to appellees' attorney on July 17th, but not that they had been mailed by certified mail. Attorney for appellant then mailed copies of the Notice of Appeal by certified mail to appellees' attorney and wrote a certification to that effect in his own handwriting on the originals of the pleadings in the Court of Appeals file in the presence of the Clerk of the Court of Appeals. Appellant filed a brief in Opposition to the Motion to Dismiss the Appeal on August 17, 1979, and a hearing was set on the motion for September 27, 1979.

II.

The question before the Court is: At what time does Rule 6(a) of the Rules of Appellate Procedure of the Navajo Courts require service to be made of the Notice of Appeal and any motions or other papers filed in support of an appeal upon the opposing party or his

counsel of record?

III.

> Rule 6(a) of the Rules of Appellate Procedure reads:
>
> a) The Notice of Appeal and any motions or other papers filed in support of an appeal shall be served on the opposing party or his counsel of record. Delivery shall be by personal service or by certified mail. Appellant or his counsel shall certify in writing on the original of each document filed with the Court of Appeals that such service has been made and on what date the service was made.

The first sentence of the rule is clear. It requires that the opposing party or his counsel be served with copies of any papers filed with the Notice of Appeal as well as a copy of the Notice of Appeal itself. The second sentence states that this service must be done by personal service or by certified mail. Thus, the requirement of service, what must be served and the manner in which it must be served is clearly stated in the rule. It is the third sentence which this Court is now called upon to clarify.

Appellant did not comply with the requirements of service at the time the Notice of Appeal and the Brief were filed with the Clerk of the Court of Appeals. Certification was made on the original of each document that "[a] copy of the foregoing" was mailed on the same day as the papers were filed. But since the service was not effected by certified mail, the service did not comply with the requirement of the second sentence of Rule 6(a).

The appellees did have _actual_ _notice_ of the appeal, but because the method of service was defective did not have legal notice. They then waited until the time in which to perfect an appeal under Rule 2 of the Rules of Appellate Procedure had expired and pointed out the defect in service to appellant's counsel. Their Motion to Dismiss argued that an appeal could not be properly filed unless proper service was effected within the thirty calendar days from the date of the final judgment or order being appealed pursuant to Rule 2, and that since that time had expired the appeal was not properly perfected and should be dismissed.

Appellant argued before this Court that the third sentence of Rule 6(a) had been complied with because of the subsequent service by certified mail and because appellant had subsequently certified the originals filed with the Clerk of the Court of Appeals. Counsel did certify in writing on the original of each document filed with the Court of Appeals that service was made, that it was made by certified mail and the date upon which this (second) service was made. Compliance was made with the literal phrasing of the rule.

However, it is the opinion of this Court, and we now so hold, that the third sentence of Rule 6(a) contemplates that the writing placed upon the original of each document filed with the Court of Appeals be placed there _before_ the original copies of documents are filed with the Court of Appeals. We do not believe that it should be possible to make additions to documents filed with the Clerk of any of the Navajo Courts after the documents are filed. The proper procedure

to amend a complaint or other pleading is to file a motion to amend, asking the Court's permission to amend, along with a copy of the proposed amended pleading.

Based upon this reasoning, there was no way for appellant to correct the improper service in this matter after the time within which to perfect the appeal had expired. If the mistake had been realized before the time within which to perfect the appeal had expired, the error could have been corrected by filing another original copy of a Notice of Appeal and Brief with the proper service certification. The Notice of Appeal filed July 17, 1979, was defective because of the improper service.

For the reasons stated above, the appeal in the above-entitled matter is hereby DISMISSED.

BECENTI, Associate Justice and NESWOOD, Associate Justice, concur.